IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEMMA DICASIMIRRO**,<br><br>*Plaintiff*,<br><br>v.<br><br>**GETMYBOAT, INC. d/b/a GETMYBOAT.COM, et al.**,<br><br>*Defendants*. | **Case No. 2:24-cv-05851-JDW** |

### MEMORANDUM

Plaintiffs like Gemma DiCasimirro are the captains of their Complaints, and they can "avoid federal jurisdiction by exclusive reliance on state law."[1] This is true even if a defendant has a defense under federal law or even if it really, *really* wants to be in federal court. Neither of those things matters—the plaintiff's claims are the touchstone. Ms. DiCasimirro's negligence claims arise under state law, so there is no basis for the Court to exercise federal question jurisdiction over them. Like the ill-fated Edmund Fitzgerald, GetMyBoat, Inc.'s attempt to remove this matter to federal court is no match for the gales of November,[2] and I will remand it back to state court.

---

[1] *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707 (3d Cir. 2022), *cert. denied*, 143 S. Ct. 2483 (2023).

[2] Gordon Lightfoot, *The Wreck of the Edmund Fitzgerald*, on The House You Live In (Reprise Records 1976).

I.      **RELEVANT BACKGROUND**[3]

On June 25, 2023, a third party to this lawsuit, Martin Shnayder, accessed the website of GetMyBoat, Inc. ("GMB"), www.GetMyBoat.com, to rent a pontoon boat on Lake Wallenpaupack, Pennsylvania, for himself and his guests. GMB's website connects would-be renters like Mr. Shnayder with boat owners who lease their boats or provide boating services. Mr. Shnayder used GMB's website to communicate with Mikhail Novikov and arrange to rent a captained pontoon boat for an afternoon on the lake. On July 8, 2023, Mr. Shnayder, Ms. DiCasimirro, and Mr. Shnayder's other guests went out on the boat. Unfortunately, over the course of the outing, the boat's propellers struck and injured Ms. DiCasimirro while she was swimming nearby.

On September 25, 2024, Ms. DiCasimirro filed suit in the Philadelphia Court of Common Pleas. She asserted five claims of negligence against GMB, Mr. Novikov, LazyDaze, Inc., and several John Doe defendants. Ms. DiCasimirro did not assert any federal causes of action. Yet, GMB removed the matter to this Court on October 31, 2024, contending that this Court may exercise jurisdiction pursuant to 28 U.S.C. § 1331 because "this action involves a federal question arising under Section 230 of the Communications Decency Act" as to whether GMB is immune from civil liability under that provision. (ECF No. 1 ¶ 1.)

---

[3]     I have not made any factual findings in deciding whether the Court has subject matter jurisdiction over this matter. Instead, the factual recitation sets forth the facts as alleged in Ms. DiCasimirro's Complaint.

Because it is well-established that "[t]he existence or expectation of a federal defense is insufficient to confer federal jurisdiction" over a case, *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) (quotation omitted), I issued an Order granting all Parties leave to demonstrate whether this Court has subject matter jurisdiction over the matter. Ms. DiCasimirro and GMB responded,[4] and the issue is ripe for resolution.

## II.   LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' and '[t]hey possess only that power authorized by Constitution and statute.'" *Erie Ins. Exch. by Stephenson v. Erie Indem. Co.*, 68 F.4th 815, 818 (3d Cir. 2023), *cert. denied*, 144 S. Ct. 1007 (2024) (quotation omitted). To a remove a civil action from state court, a district court must have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). This statute must be "strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted). And the defendant—as the party seeking removal—bears the burden of establishing that federal jurisdiction exists. *Erie Ins.*, 68 F.4th at 818. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require

---

[4]   It is not clear whether Ms. DiCasimirro has served the other Defendants yet. In any event, neither Mr. Novikov nor LazyDaze has appeared in this case.

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

### III. ANALYSIS

GMB is leagues away from demonstrating this Court has subject matter jurisdiction over Ms. DiCasimirro's Complaint. Pursuant to federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). "A cause of action does not typically 'arise under' federal law unless a federal question appears on the face of a well-pleaded complaint." *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) (quotation omitted). "Thus, the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Pennsylvania law—not federal law—creates the five negligence causes of action that Ms. DiCasimirro asserts in her Complaint. So, the question becomes whether GMB's assertion of an immunity defense under federal law (Section 230) is sufficient to confer jurisdiction. It is not.

Under the Supreme Courts' "*longstanding* interpretation of the current statutory scheme, ... [a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell*, 478 U.S. at 808 (emphasis added). Indeed, that has been the law since 1888—at least. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908)

(citing *Metcalf v. City of Watertown*, 128 U.S. 586, 587 (1888)). Nevertheless, GMB contends that federal question jurisdiction exists because "this is a matter in which the vindication of a right under state law necessarily turns on construction of federal law"—GMB's claimed immunity under Section 230. (ECF No. 5 at 4.) But if GMB's position were correct, then that would mean that federal question jurisdiction exists in every state law case in which a defendant asserts a defense under federal law. That hasn't been the law for more than a century.

In *Merrell*—the case upon which GMB relies—the Supreme Court explained that "a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'" *Merrell*, 478 U.S. at 808. At the same time, however, the high Court warned that this statement "must be read with caution[.]" *Id.* at 809. Had GMB heeded this advice, it would have discovered that when the Supreme Court has determined that federal question jurisdiction existed in a case arising solely under state law, resolution of the federal question was "the *central* issue presented in that case," *id.* (emphasis added), or "an *essential element*" of the plaintiff's cause of action. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005) (emphasis added). In other words, a state cause of action may confer federal question jurisdiction in "one of the rare instances" which "require[s] a determination of federal law as an essential element of the plaintiff's state law claim." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014), *aff'd*, 578 U.S. 374

(2016). The question is whether the plaintiff must resolve an issue of federal law to proceed with her state law claims, without regard for any possible defenses. For example, where a state statute creates a cause of action for violation of a federal statute, a plaintiff might be able to meet the standard. But not every time a plaintiff has to overcome a defense grounded in federal law.

This case is not one of those rare instances where state law claims arise under federal law. While GMB must demonstrate that Section 230 applies to prevail on its immunity defense,[5] Ms. DiCasimirro does not need to prove—or disprove—Section 230's applicability to establish whether GMB or any other defendant was negligent in causing her injuries. In other words, her Complaint does not "necessarily raise"[6] a federal issue because her negligence claims "could be decided without reference to federal law." *Id.*

---

[5]  The case on which GMB relies, *Putt v. TripAdvisor Inc.*, No. 20-cv-3836, 2021 WL 242470 (E.D. Pa. Jan. 25, 2021), is not persuasive because that case does not answer the question of whether federal question jurisdiction exists when a defendant raises an immunity defense under Section 230. The defendant removed that case based on diversity jurisdiction. *See id.* at *2.

[6]  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). For jurisdiction to be proper, all four of these requirements must be met. *See id.* Because I have determined that GMB cannot satisfy the first requirement, I need not discuss the others and will decline to do so.

In addition, it is worth noting that even though it bears the burden of establishing that federal jurisdiction exists, GMB didn't bother to cite the applicable test or advance *any* argument as to why it believes all four requirements are satisfied.

Thus, this case does not arise under federal law, and the Court is without jurisdiction to preside over it.

## IV. CONCLUSION

"Not all claims belong in federal court." *City of Hoboken*, 45 F.4th at 707. And Ms. DiCasimirro's state law negligence claims are no exception. That GMB might have a defense under federal law is insufficient to confer jurisdiction, and that has been the law for many, many (many) years. Thus, I will remand this matter back to state court. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

November 14, 2024